UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ROBERT KERSTETTER, JR., and | § | |
| DEBORAH KAY KERSTETTER, | § | |
| | § | |
| Plaintiffs, | § | Civil No. A10CA 063LY |
| | § | |
| v. | § | |
| | § | |
| BESSER COMPANY | § | |
| 801 Johnson Street | § | |
| Alpena, Michigan | § | |
| | § | |
| and | § | |
| | § | |
| AERVOE INDUSTRIES, INC. | § | |
| 1100 Mark Circle | § | |
| Gardnerville, NV 89410. | § | |
| | § | |
| and | § | |
| | § | |
| ROCKWELL AUTOMATION, INC., | § | |
| a/k/a f/k/a d/b/a ROCKWELL | § | |
| AUTOMATION POWER SYSTEMS | § | |
| a/k/a f/k/a d/b/a ROCKWELL | § | |
| AUTOMATION DRIVE SYSTEMS | § | |
| 1201 S. 2nd Street, Milwaukee, WI, 53204. | § | |
| | § | |
| and | § | |
| | § | |
| RELIANCE ELECTRIC COMPANY | § | |
| 5711 R. S. Boreham, Jr. Street | § | |
| Fort Smith, AR 72901. | § | |
| | § | |
| and | § | |
| | § | |
| DODGE MANUFACTURING | § | |
| COMPANY | § | |
| 5711 R. S. Boreham, Jr. Street | § | |
| Fort Smith, AR 72901. | § | |
| | § | |

| | |
|---|---|
| and | § |
| | § |
| BALDOR ELECTRIC COMPANY | § |
| 5711 R. S. Boreham, Jr. Street | § |
| Fort Smith, AR 72901. | § |
| | § |
| Defendants. | § |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs, Robert Kerstetter, Jr. and Deborah Kay Kerstetter, by and through their undersigned counsel file this First Amended Complaint against Defendants, and would respectfully show the Court the following:

### I.   NATURE OF SUIT

1. This suit arises out of a workplace injury wherein Robert Kerstetter, Jr., an employee of Alamo Concrete Company, had his arm violently crushed and severed by a machine defectively designed and manufactured by one or more of the Defendants, which lacked necessary and feasible guards.

### II.   JURISDICTION & VENUE

2. Jurisdiction of this Court is invoked pursuant to the provisions of 28 U.S.C.A. §1332 and §1447(e).  The matter in controversy, exclusive of interests and costs, exceeds the sum of $75,000.00.

3. Venue in this matter is proper pursuant to 28 U.S.C. § 1391 in this Court as the accident which is the subject of this claim occurred in the Western District of Texas, Austin Division.

### III. PARTIES

4. Plaintiff, Robert Kerstetter, Jr., is and was at all times material hereto an adult individual and spouse of Deborah Kay Kerstetter, residing at 8006 Briarton Drive, Austin, Texas.

2

5.  Plaintiff, Deborah Kay Kerstetter, is and was at all times material hereto, an adult individual and spouse of Robert Kerstetter, Jr., residing together at 8006 Briarton Drive, Austin, Texas.

6.  Defendant, BESSER COMPANY (hereinafter "BESSER"), is a corporation or other business entity organized pursuant to the laws of the State of Michigan, with a principal place of business located at 801 Johnson Street, Alpena, Michigan.

7.  Defendant, AERVOE INDUSTRIES, INC., (hereinafter "AERVOE"), is a corporation or other business entity organized pursuant to the laws of the State of Nevada, with a principal place of business located at 1100 Mark Circle, Gardnerville, Nevada 89410.

8.  AERVOE manufactured and sold the belt dressing that Plaintiff, Robert Kerstetter, Jr., was applying at the time of the accident.

9.  Defendant, ROCKWELL AUTOMATION, INC., a/k/a f/k/a d/b/a ROCKWELL AUTOMATION POWER SYSTEMS a/k/a f/k/a d/b/a ROCKWELL AUTOMATION DRIVE SYSTEMS (hereinafter "ROCKWELL"), is a corporation or other business entity organized pursuant to the laws of the State of Wisconsin, with a principal place of business located at 1201 S. 2nd Street, Milwaukee, Wisconsin 53204.

10. Upon information and belief, ROCKWELL, alone and/or by and through its wholly owned subsidiaries Reliance Electric Company and Dodge Manufacturing Company, designed, manufactured and sold the head pulley and/or drive mechanism which were part of the conveyor belt system involved in Mr. Kerstetter's accident.

11. Defendant, RELIANCE ELECTRIC COMPANY (hereinafter "RELIANCE"), is a corporation or other business entity organized pursuant to the laws of the State of Arkansas, with a principal place of business located at 5711 R. S. Boreham, Jr. Street, Fort Smith, Arkansas 72901.

12. Upon information and belief, RELIANCE designed, manufactured and sold the head pulley and/or drive mechanism which were part of the conveyor belt system involved in Mr. Kerstetter's accident.

13. Defendant, DODGE MANUFACTURING COMPANY (hereinafter "DODGE"), is a corporation or other business entity organized pursuant to the laws of the State of Arkansas, with a principal place of business located at 5711 R. S. Boreham, Jr. Street, Fort Smith, Arkansas 72901.

14. Upon information and belief, DODGE designed, manufactured and sold the head pulley and/or drive mechanism which were part of the conveyor belt system involved in Mr. Kerstetter's accident.

15. Defendant, Baldor Electric Company (hereinafter "Baldor"), is a corporation or other business entity organized pursuant to the laws of the State of Arkansas, with a principal place of business located at 5711 R. S. Boreham, Jr. Street, Fort Smith, Arkansas 72901.

16. Upon information and belief, BALDOR acquired all of the assets and liabilities of RELIANCE and DODGE.

17. Upon information and belief, BALDOR/RELIANCE/DODGE designed, manufactured and sold the head pulley and/or drive mechanism which were part of the conveyor belt system involved in Mr. Kerstetter's accident.

## IV. <u>FACTS COMMON TO ALL COUNTS</u>

18. At all times material hereto, Plaintiff, Robert Kerstetter, Jr., was employed by Alamo Concrete Company ("Alamo"), and was assigned to its facility at 13101 Ballerstead Road, Elgin, Texas.

19. Upon information and belief, prior to the incident described herein, Alamo purchased a Radial Stacker (hereinafter "the Stacker") from Besser Company.

4

20. The Stacker was set up at Alamo's facility at 13101 Ballerstead Road in Elgin, Texas, and was used by Alamo to prepare batches of concrete.

21. The Stacker takes raw materials and carries them up a long conveyor belt to be deposited into large hoppers.

22. The Stacker contained components such as a head pulley and drive mechanism manufactured by defendants ROCKWELL, RELIANCE, DODGE, and BALDOR.

23. On or about, January 2, 2008, Robert Kerstetter, Jr., was an employee of Alamo, and was present at the Alamo facility to perform his regular job duties.

24. As part of his duties on January 2, 2008, Mr. Kerstetter was to arrive early at the facility and turn on the Stacker so the large belts could warm up.

25. Around 4:30 a.m. on the above date, Mr. Kerstetter climbed the walkway which ran along the side of the conveyor on the Stacker so he could apply belt dressing to the head pulley at the top of the conveyor.

26. This belt dressing, which was manufactured and sold by defendant, AERVOE, was applied to help the head pulley catch the belt and prevent it from stalling.

27. Upon reaching the top of the catwalk, Mr. Kerstetter began applying the AERVOE belt dressing when his jacket became caught, pulling his right arm into the Stacker.

28. After several minutes of being stuck in the Stacker, Mr. Kerstetter's right arm almost completely severed.

29. Mr. Kerstetter was transported to the hospital where he underwent surgery to completely remove his right arm above the elbow.

## V.  NEGLIGENCE
## PLAINTIFFS v. BESSER

30. Plaintiffs incorporate by reference the foregoing paragraphs as though same were fully set forth at length herein.

31. Defendant, by and through its agents, workmen, officers and employees, acted negligently and carelessly, by failing to design, manufacture, assemble, distribute and/or sell the stacker so that it was safe to use, fit for its particular purpose, not defective and accompanied by proper instructions and/or warnings concerning its use.

32. Defendant acted negligently and carelessly, and failed to use reasonable care, in designing, manufacturing, assembling, distributing and/or selling the stacker in a defective and unreasonably dangerous manner and in a condition that defendants knew or should have known would subject others, such as Robert Kerstetter, Jr., to an unreasonable risk of harm.

33. As a direct and proximate result of the foregoing negligence and carelessness of Defendant, Robert Kerstetter, Jr. was severely and permanently injured, suffered the loss of his right arm, as well as other physical and emotional injuries, and has suffered loss of earnings and earning capacity, and has undergone and continues to undergo medical treatment, surgery, rehabilitation and care, all to his great detriment and loss, and for which he now seeks compensation from Defendant in an amount in excess of $1,000,000.00.

## VI. NEGLIGENCE
## PLAINTIFFS v. AERVOE

34. Plaintiffs incorporate by reference the foregoing paragraphs as though same were fully set forth at length herein.

35. Defendant, AERVOE, by and through its agents, workmen, officers and employees, acted negligently and carelessly by failing to design, manufacture, assemble, distribute and/or sell

the belt dressing so that it was safe to use, fit for its particular purpose, not defective and accompanied by proper instructions and/or warnings concerning its use.

36. Defendant acted negligently and carelessly in one or more of the following ways:

    a)  Designing, manufacturing, distributing and/or selling the belt dressing in a defective and unreasonably dangerous manner;

    b)  Designing, manufacturing, distributing and/or selling a defective and unreasonably dangerous product which lacked the necessary elements to make it safe for use;

    c)  Selling or otherwise distributing the belt dressing which, when used for its intended purpose, created an unreasonably high risk of harm;

    d)  Failing to design, manufacture, distribute and/or sell the belt dressing in a condition that was safe for all reasonably foreseeable uses;

    e)  Designing, manufacturing, distributing and/or selling the belt dressing without adequate instructions and warnings;

    f)  Advising purchasers of the belt dressing to use it in a manner which AERVOE knew, or should have known, was likely to pose a high risk of injury to users;

    g)  Advising users that it was safe to apply the belt dressing to moving parts;

    h)  Failing to otherwise use due care in creating warnings and instructions for the belt dressing;

    i)  Failing to warn users of the danger posed by applying the belt dressing to moving parts;

    j)  Such other acts and omissions as will be established by the evidence at trial.

37. As a direct and proximate result of the foregoing negligence and carelessness by Defendant, AERVOE; Plaintiff, Robert Kerstetter, Jr. was severely and permanently injured, suffered the loss of his right arm, as well as other physical and emotional injuries, and has suffered loss of earnings and earning capacity, and has undergone and continues to undergo medical treatment, surgery, rehabilitation and care, all to his great detriment and loss, and for which

he now seeks compensation from Defendant AERVOE in an amount in excess of $1,000,000.00.

## VII.   NEGLIGENCE
## PLAINTIFFS v. ROCKWELL

38. Plaintiffs incorporate by reference the foregoing paragraphs as though same were fully set forth at length herein.

39. Defendant, ROCKWELL, alone and/or by and through its wholly owned subsidiaries, RELIANCE and DODGE, designed, manufactured and/or sold the head pulley and/or drive mechanism which were part of the conveyor belt system of the Stacker involved in Mr. Kerstetter's accident.

40. ROCKWELL, by and through its agents, workmen, officers and employees, acted negligently and carelessly by failing to design, manufacture, assemble, distribute and/or sell the head pulley and/or drive mechanism of the Stacker so that they were safe to use, fit for their particular purpose, not defective and accompanied by proper instructions and/or warnings concerning their use.

41. Defendant, ROCKWELL, acted negligently and carelessly in one or more of the following ways:

   a) Designing, manufacturing, assembling, distributing and/or selling the head pulley and/or drive mechanism and associated component parts in a defective and unreasonably dangerous manner;

   b) Designing, manufacturing, assembling, distributing and/or selling defective and unreasonably dangerous products which lacked the necessary elements to make them safe for use;

   c) Designing, manufacturing, assembling, distributing and/or selling the head pulley and/or drive mechanism and associated component parts with a dangerously defective condition that defendants knew or should have known would subject others, such as Robert Kerstetter, Jr., to unreasonable risk of harm;

d) Selling or otherwise distributing the head pulley and/or drive mechanism with inadequate or defective component parts which defendants knew or should have known would subject others, such as Robert Kerstetter, Jr., to unreasonable risk of harm;

e) Selling or otherwise distributing the head pulley and/or drive mechanism which, when used for their intended purpose, created an unreasonably high risk of harm;

f) Failing to design, manufacture, assemble, distribute and/or sell the head pulley and/or drive mechanism and associated component parts in a condition that was safe for all reasonably foreseeable uses;

g) Failing to provide adequate safeguards and safety mechanisms on the head pulley and/or drive mechanisms;

h) Designing, manufacturing, assembling, distributing and/or selling the head pulley and/or drive mechanism without adequate instructions, warnings, safeguards and/or protective devices;

i) Failing to otherwise use due care in the design, manufacture, assembly, distribution and/or sale of the head pulley and/or drive mechanism and associated component parts;

j) Failing to guard "pinch points" on or near the head pulley and/or drive mechanism;

k) Failing to guard open areas in the vicinity of the roller and the moving conveyor belt at or near the head pulley and/or drive mechanism.

42. As a direct and proximate result of the foregoing negligence and carelessness of Defendant, ROCKWELL; Plaintiff, Robert Kerstetter, Jr. was severely and permanently injured, suffered the loss of his right arm, as well as other physical and emotional injuries, and has suffered loss of earnings and earning capacity, and has undergone and continues to undergo medical treatment, surgery, rehabilitation and care, all to his great detriment and loss, and for which he now seeks compensation from Defendant ROCKWELL in an amount in excess of $1,000,000.00.

### VIII.   NEGLIGENCE
### PLAINTIFFS v. RELIANCE

43. Plaintiffs incorporate by reference the foregoing paragraphs as though same were fully set forth at length herein.

44. Defendant, RELIANCE, designed, manufactured and sold the head pulley and/or drive mechanism which were part of the conveyor belt system of the Stacker involved in Mr. Kerstetter's accident.

45. RELIANCE, by and through its agents, workmen, officers and employees, acted negligently and carelessly by failing to design, manufacture, assemble, distribute and/or sell the head pulley and/or drive mechanism of the stacker so that they were safe to use, fit for their particular purpose, not defective and accompanied by proper instructions and/or warnings concerning their use.

46. Defendant, RELIANCE, acted negligently and carelessly in one or more of the following ways:

   a)  Designing, manufacturing, assembling, distributing and/or selling the head pulley and/or drive mechanism and associated component parts in a defective and unreasonably dangerous manner;

   b)  Designing, manufacturing, assembling, distributing and/or selling defective and unreasonably dangerous products which lacked the necessary elements to make them safe for use;

   c)  Designing, manufacturing, assembling, distributing and/or selling the head pulley and/or drive mechanism and associated component parts with a dangerously defective condition that defendants knew or should have known would subject others, such as Robert Kerstetter, Jr., to unreasonable risk of harm;

   d)  Selling or otherwise distributing the head pulley and/or drive mechanism with inadequate or defective component parts which defendants knew or should have known would subject others, such as Robert Kerstetter, Jr., to unreasonable risk of harm;

e) Selling or otherwise distributing the head pulley and/or drive mechanism which, when used for their intended purpose, created an unreasonably high risk of harm;

f) Failing to design, manufacture, assemble, distribute and/or sell the head pulley and/or drive mechanism and associated component parts in a condition that was safe for all reasonably foreseeable uses;

g) Failing to provide adequate safeguards and safety mechanisms on the head pulley and/or drive mechanism;

h) Designing, manufacturing, assembling, distributing and/or selling the head pulley and/or drive mechanism without adequate instructions, warnings, safeguards and/or protective devices;

i) Failing to otherwise use due care in the design, manufacture, assembly, distribution and/or sale of the head pulley and/or drive mechanism and associated component parts;

j) Failing to guard "pinch points" on or near the head pulley and/or drive mechanism;

k) Failing to guard open areas in the vicinity of the roller and the moving conveyor belt at or near the head pulley and/or drive mechanism.

47. As a direct and proximate result of the foregoing negligence and carelessness of Defendant, RELIANCE; Plaintiff, Robert Kerstetter, Jr. was severely and permanently injured, suffered the loss of his right arm, as well as other physical and emotional injuries, and has suffered loss of earnings and earning capacity, and has undergone and continues to undergo medical treatment, surgery, rehabilitation and care, all to his great detriment and loss, and for which he now seeks compensation from Defendant RELIANCE in an amount in excess of $1,000,000.00.

## IX. NEGLIGENCE
## PLAINTIFFS v. DODGE

48. Plaintiffs incorporate by reference the foregoing paragraphs as though same were fully set forth at length herein.

49. Defendant, DODGE, designed, manufactured and sold the head pulley and/or drive mechanism which were part of the conveyor belt system of the Stacker involved in Mr. Kerstetter's accident.

50. DODGE, by and through its agents, workmen, officers and employees, acted negligently and carelessly by failing to design, manufacture, assemble, distribute and/or sell the head pulley and/or drive mechanism of the Stacker so that they were safe to use, fit for their particular purpose, not defective and accompanied by proper instructions and/or warnings concerning their use.

51. Defendant, DODGE, acted negligently and carelessly in one or more of the following ways:

   a. Designing, manufacturing, assembling, distributing and/or selling the head pulley and/or drive mechanism and associated component parts in a defective and unreasonably dangerous manner;

   b. Designing, manufacturing, assembling, distributing and/or selling defective and unreasonably dangerous products which lacked the necessary elements to make them safe for use;

   c. Designing, manufacturing, assembling, distributing and/or selling the head pulley and/or drive mechanism and associated component parts with a dangerously defective condition that defendants knew or should have known would subject others, such as Robert Kerstetter, Jr., to unreasonable risk of harm;

   d. Selling or otherwise distributing the head pulley and/or drive mechanism with inadequate or defective component parts which defendants knew or should have known would subject others, such as Robert Kerstetter, Jr., to unreasonable risk of harm;

   e. Selling or otherwise distributing the head pulley and/or drive mechanism which, when used for their intended purpose, created an unreasonably high risk of harm;

   f. Failing to design, manufacture, assemble, distribute and/or sell the head pulley and/or drive mechanism and associated component parts in a condition that was safe for all reasonably foreseeable uses;

   g. Failing to provide adequate safeguards and safety mechanisms on the head pulley and/or drive mechanism;

     h.   Designing, manufacturing, assembling, distributing and/or selling the head pulley and/or drive mechanism without adequate instructions, warnings, safeguards and/or protective devices;

     i.   Failing to otherwise use due care in the design, manufacture, assembly, distribution and/or sale of the head pulley and/or drive mechanism and associated component parts;

     j.   Failing to guard "pinch points" on or near the head pulley and/or drive mechanism;

     k.   Failing to guard open areas in the vicinity of the roller and the moving conveyor belt at or near the head pulley and/or drive mechanism.

52. As a direct and proximate result of the foregoing negligence and carelessness of Defendant, DODGE; Plaintiff, Robert Kerstetter, Jr. was severely and permanently injured, suffered the loss of his right arm, as well as other physical and emotional injuries, and has suffered loss of earnings and earning capacity, and has undergone and continues to undergo medical treatment, surgery, rehabilitation and care, all to his great detriment and loss, and for which he now seeks compensation from Defendant DODGE in an amount in excess of $1,000,000.00.

## X.  NEGLIGENCE
## PLAINTIFFS v. BALDOR

53. Plaintiffs incorporate by reference the foregoing paragraphs as though same were fully set forth at length herein.

54. Defendant, BALDOR, alone and/or by and through its wholly owned subsidiaries RELIANCE AND DODGE, designed, manufactured and sold the head pulley and/or drive mechanism which were part of the conveyor belt system of the Stacker involved in Mr. Kerstetter's accident.

55. BALDOR, by and through its agents, workmen, officers and employees, acted negligently and carelessly by failing to design, manufacture, assemble, distribute and/or sell the head

pulley and/or drive mechanism of the Stacker so that they were safe to use, fit for their particular purpose, not defective and accompanied by proper instructions and/or warnings concerning their use.

56. Defendant, BALDOR, acted negligently and carelessly in one or more of the following ways:

l.  Designing, manufacturing, assembling, distributing and/or selling the head pulley and/or drive mechanism and associated component parts in a defective and unreasonably dangerous manner;

m.  Designing, manufacturing, assembling, distributing and/or selling defective and unreasonably dangerous products which lacked the necessary elements to make them safe for use;

n.  Designing, manufacturing, assembling, distributing and/or selling the head pulley and/or drive mechanism and associated component parts with a dangerously defective condition that defendants knew or should have known would subject others, such as Robert Kerstetter, Jr., to unreasonable risk of harm;

o.  Selling or otherwise distributing the head pulley and/or drive mechanism with inadequate or defective component parts which defendants knew or should have known would subject others, such as Robert Kerstetter, Jr., to unreasonable risk of harm;

p.  Selling or otherwise distributing the head pulley and/or drive mechanism which, when used for their intended purpose, created an unreasonably high risk of harm;

q.  Failing to design, manufacture, assemble, distribute and/or sell the head pulley and/or drive mechanism and associated component parts in a condition that was safe for all reasonably foreseeable uses;

r.  Failing to provide adequate safeguards and safety mechanisms on the head pulley and/or drive mechanism;

s.  Designing, manufacturing, assembling, distributing and/or selling the head pulley and/or drive mechanisms without adequate instructions, warnings, safeguards and/or protective devices;

t.  Failing to otherwise use due care in the design, manufacture, assembly, distribution and/or sale of the head pulley and/or drive mechanism and associated component parts;

u.  Failing to guard "pinch points" on or near the head pulley and/or drive mechanism;

14

> v.  Failing to guard open areas in the vicinity of the roller and the moving conveyor belt at or near the head pulley and/or drive mechanism.

57. As a direct and proximate result of the foregoing negligence and carelessness of Defendant, BALDOR; Plaintiff, Robert Kerstetter, Jr. was severely and permanently injured, suffered the loss of his right arm, as well as other physical and emotional injuries, and has suffered loss of earnings and earning capacity, and has undergone and continues to undergo medical treatment, surgery, rehabilitation and care, all to his great detriment and loss, and for which he now seeks compensation from Defendant BALDOR in an amount in excess of $1,000,000.00.

# XI.   STRICT LIABILITY
## PLAINTIFFS v. BESSER

58. Plaintiffs incorporate by reference the foregoing paragraphs as though same were fully set forth at length herein.

59. Defendant designed, manufactured, assembled, distributed and sold the stacker in a defective and unreasonably dangerous condition.

60. The stacker and its component parts lacked the necessary elements to make their use safe.

61. The stacker and its component parts lacked adequate instructions, warnings, safeguards and/or protective devices.

62. The stacker was sold and/or otherwise supplied to Alamo in the same dangerously defective condition in which it left Defendant's possession and/or control.

63. The stacker failed and/or malfunctioned during its normal use and operation.

64. The injuries sustained by Robert Kerstetter, Jr. were caused by and resulted from the acts and/or omissions of Defendant for which it is strictly liable, as more fully set forth above.

65. Defendant's conduct in designing, manufacturing, assembling, distributing and/or selling the stacker was the factual, legal, substantial and producing cause of the injuries and damages sustained by Plaintiff, Robert Kerstetter, Jr., as more fully set forth above and incorporated herein by reference.

66. As a result of the foregoing, Defendant is strictly liable for the injuries and damages sustained by Robert Kerstetter, Jr., pursuant to Section 402A of the Restatement (Second) of Torts.

67. As a direct and proximate result of the foregoing actions/inactions of Defendant, Robert Kerstetter, Jr. was severely and permanently injured, suffered the loss of his right arm, as well as other physical and emotional injuries, and has suffered loss of earnings and earning capacity, and has undergone and continues to undergo medical treatment, surgery, rehabilitation and care, all to his great detriment and loss, and for which he now seeks compensation from Defendants in an amount in excess of $1,000,000.00.

## XII.   STRICT LIABILITY
## PLAINTIFFS v. AERVOE

68. Plaintiffs incorporate by reference the foregoing paragraphs as though same were fully set forth at length herein.

69. Defendant designed, manufactured, distributed and sold the belt dressing in a defective and unreasonably dangerous condition.

70. The belt dressing lacked necessary and adequate elements, warnings and instructions to make its use safe.

71. The belt dressing was sold and/or otherwise supplied to Alamo in the same dangerously defective condition in which it left Defendant's possession and/or control.

72. The belt dressing failed during its normal use and operation.

73. The injuries sustained by Robert Kerstetter, Jr. were caused by and resulted from the acts and/or omissions of Defendant for which it is strictly liable, as more fully set forth above.

74. Defendant's conduct in designing, manufacturing, distributing and/or selling the belt dressing was the factual, legal, substantial and producing cause of the injuries and damages sustained by Plaintiff, Robert Kerstetter, Jr., as more fully set forth above and incorporated herein by reference.

75. As a result of the foregoing, Defendant is strictly liable for the injuries and damages sustained by Robert Kerstetter, Jr., pursuant to Section 402A of the Restatement (Second) of Torts.

76. As a direct and proximate result of the foregoing actions/inactions of Defendant, AERVOE; Plaintiff, Robert Kerstetter, Jr. was severely and permanently injured, suffered the loss of his right arm, as well as other physical and emotional injuries, and has suffered loss of earnings and earning capacity and has undergone and continues to undergo medical treatment, surgery, rehabilitation and care, all to his great detriment and loss, and for which he now seeks compensation from Defendant AERVOE in an amount in excess of $1,000,000.00.

### XIII.  STRICT LIABILITY
### PLAINTIFFS v. ROCKWELL

77. Plaintiffs incorporate by reference the foregoing paragraphs as though same were fully set forth at length herein.

78. Defendant, alone and/or by and through its wholly owned subsidiaries, designed, manufactured, assembled, distributed and sold the head pulley and/or drive mechanism in a defective and unreasonably dangerous condition.

79. The head pulley and/or drive mechanism and its component parts lacked the necessary elements to make their use safe.

80. The head pulley and/or drive mechanism and its component parts lacked adequate instructions, warnings, safeguards and/or protective devices as more fully set forth herein.

81. The head pulley and/or drive mechanism was sold and/or otherwise supplied to Alamo in the same dangerously defective condition in which it left Defendants' possession and/or control.

82. The head pulley and/or drive mechanism failed and/or malfunctioned during its normal use and operation.

83. The injuries sustained by Robert Kerstetter, Jr. were caused by and resulted from the acts and/or omissions of Defendant for which it is strictly liable, as more fully set forth above.

84. Defendant's conduct in designing, manufacturing, assembling, distributing and/or selling the head pulley and/or drive mechanism was the factual, legal, substantial and producing cause of the injuries and damages sustained by Plaintiff, Robert Kerstetter, Jr., as more fully set forth above and incorporated herein by reference.

85. As a result of the foregoing, Defendant is strictly liable for the injuries and damages sustained by Robert Kerstetter, Jr., pursuant to Section 402A of the Restatement (Second) of Torts.

86. As a direct and proximate result of the foregoing actions/inactions of Defendant, ROCKWELL; Plaintiff, Robert Kerstetter, Jr. was severely and permanently injured, suffered the loss of his right arm, as well as other physical and emotional injuries, and has suffered loss of earnings and earning capacity, and has undergone and continues to undergo medical treatment, surgery, rehabilitation and care, all to his great detriment and loss, and for which he now seeks compensation from Defendant ROCKWELL in an amount in excess of $1,000,000.00.

## XIV. STRICT LIABILITY
## PLAINTIFFS v. RELIANCE

87. Plaintiffs incorporate by reference the foregoing paragraphs as though same were fully set forth at length herein.

88. Defendant designed, manufactured, assembled, distributed and sold the head pulley and/or drive mechanism in a defective and unreasonably dangerous condition.

89. The head pulley and/or drive mechanism and its component parts lacked the necessary elements to make their use safe.

90. The head pulley and/or drive mechanism and its component parts lacked adequate instructions, warnings, safeguards and/or protective devices.

91. The head pulley and/or drive mechanism was sold and/or otherwise supplied to Alamo in the same dangerously defective condition in which it left Defendants' possession and/or control.

92. The head pulley and/or drive mechanism failed and/or malfunctioned during its normal use and operation.

93. The injuries sustained by Robert Kerstetter, Jr. were caused by and resulted from the acts and/or omissions of Defendant for which it is strictly liable, as more fully set forth above.

94.  Defendant's conduct in designing, manufacturing, assembling, distributing and/or selling the head pulley and/or drive mechanism was the factual, legal, substantial and producing cause of the injuries and damages sustained by Plaintiff, Robert Kerstetter, Jr., as more fully set forth above and incorporated herein by reference.

95. As a result of the foregoing, Defendant is strictly liable for the injuries and damages sustained by Robert Kerstetter, Jr., pursuant to Section 402A of the Restatement (Second) of Torts.

96. As a direct and proximate result of the foregoing actions/inactions of Defendant, RELIANCE; Plaintiff, Robert Kerstetter, Jr. was severely and permanently injured, suffered the loss of his right arm, as well as other physical and emotional injuries, and has suffered loss of earnings and earning capacity, and has undergone and continues to undergo medical treatment, surgery, rehabilitation and care, all to his great detriment and loss, and for which he now seeks compensation from Defendant RELIANCE in an amount in excess of $1,000,000.00.

XV.  **STRICT LIABILITY**
**PLAINTIFFS v. DODGE**

97. Plaintiffs incorporate by reference the foregoing paragraphs as though same were fully set forth at length herein.

98. Defendant designed, manufactured, assembled, distributed and sold the head pulley and/or drive mechanism in a defective and unreasonably dangerous condition.

99. The head pulley and/or drive mechanism and its component parts lacked the necessary elements to make their use safe.

100. The head pulley and/or drive mechanism and its component parts lacked adequate instructions, warnings, safeguards and/or protective devices.

101. The head pulley and/or drive mechanism was sold and/or otherwise supplied to Alamo in the same dangerously defective condition in which it left Defendants' possession and/or control.

102. The head pulley and/or drive mechanism failed and/or malfunctioned during its normal use and operation.

103. The injuries sustained by Robert Kerstetter, Jr. were caused by and resulted from the acts and/or omissions of Defendant for which it is strictly liable, as more fully set forth above.

104. Defendant's conduct in designing, manufacturing, assembling, distributing and/or selling the head pulley and/or drive mechanism was the factual, legal, substantial and producing cause of the injuries and damages sustained by Plaintiff, Robert Kerstetter, Jr., as more fully set forth above and incorporated herein by reference.

105. As a result of the foregoing, Defendant is strictly liable for the injuries and damages sustained by Robert Kerstetter, Jr., pursuant to Section 402A of the Restatement (Second) of Torts.

106. As a direct and proximate result of the foregoing actions/inactions of Defendant, DODGE; Plaintiff, Robert Kerstetter, Jr. was severely and permanently injured, suffered the loss of his right arm, as well as other physical and emotional injuries, and has suffered loss of earnings and earning capacity, and has undergone and continues to undergo medical treatment, surgery, rehabilitation and care, all to his great detriment and loss, and for which he now seeks compensation from Defendant DODGE in an amount in excess of $1,000,000.00.

### XVI. <u>STRICT LIABILITY<br>PLAINTIFFS v. BALDOR</u>

107. Plaintiffs incorporate by reference the foregoing paragraphs as though same were fully set forth at length herein.

108. Defendant, alone and/or through its wholly owned subsidiaries, designed, manufactured, assembled, distributed and sold the head pulley and/or drive mechanism in a defective and unreasonably dangerous condition.

109. The head pulley and/or drive mechanism and its component parts lacked the necessary elements to make their use safe.

110. The head pulley and/or drive mechanism and its component parts lacked adequate instructions, warnings, safeguards and/or protective devices.

111. The head pulley and/or drive mechanism was sold and/or otherwise supplied to Alamo in the same dangerously defective condition in which it left Defendants' possession and/or control.

112. The head pulley and/or drive mechanism failed and/or malfunctioned during its normal use and operation.

113. The injuries sustained by Robert Kerstetter, Jr. were caused by and resulted from the acts and/or omissions of Defendant for which it is strictly liable, as more fully set forth above.

114. Defendant's conduct in designing, manufacturing, assembling, distributing and/or selling the head pulley and/or drive mechanism was the factual, legal, substantial and producing cause of the injuries and damages sustained by Plaintiff, Robert Kerstetter, Jr., as more fully set forth above and incorporated herein by reference.

115. As a result of the foregoing, Defendant is strictly liable for the injuries and damages sustained by Robert Kerstetter, Jr., pursuant to Section 402A of the Restatement (Second) of Torts.

116. As a direct and proximate result of the foregoing actions/inactions of Defendant, BALDOR; Plaintiff, Robert Kerstetter, Jr. was severely and permanently injured, suffered the loss of his right arm, as well as other physical and emotional injuries, and has suffered loss of earnings and earning capacity, and has undergone and continues to undergo medical treatment, surgery, rehabilitation and care, all to his great detriment and loss, and for which he now seeks compensation from Defendant BALDOR in an amount in excess of $1,000,000.00.

## XVII.  BREACH OF WARRANTY
## PLAINTIFF v. BESSER

117. Plaintiffs incorporate by reference the foregoing paragraphs as though same were fully set forth at length herein.

118. Defendant expressly and/or impliedly warranted that the stacker was of merchantable quality, fit, safe and in proper condition for the ordinary use for which it was designed.

119. Plaintiff, Robert Kerstetter, Jr., as well as his employer, Alamo, relied on Defendants' skill, judgment and implied warranty of merchantability, as well as the other warranties made by Defendant.

120.   Defendant breached the above-mentioned express and/or implied warranties of merchantability and fitness for a particular purpose because the stacker was not reasonably fit for its intended use and was not of merchantable quality.

121.   Defendant's breach of the express and/or implied warranties of merchantability and fitness for a particular purpose was the direct and proximate cause of the injuries and damages suffered by Robert Kerstetter, Jr.

122.   As a direct and proximate result of the foregoing actions/inactions of Defendant, Robert Kerstetter, Jr. was severely and permanently injured, suffered the loss of his right arm, as well as other physical and emotional injuries, and has suffered loss of earnings and earning capacity, and has undergone and continues to undergo medical treatment, surgery, rehabilitation and care, all to his great detriment and loss, and for which he now seeks compensation from Defendant in an amount in excess of $1,000,000.00.

## XVIII. BREACH F WARRANTY
## PLAINTIFFS v. AERVOE

123. Plaintiffs incorporate by reference the foregoing paragraphs as though same were fully set forth at length herein.

124. Defendant expressly and/or impliedly warranted that the belt dressing was of merchantable quality, fit, safe and in proper condition for the ordinary use for which it was designed.

125. Plaintiff, Robert Kerstetter, Jr., as well as his employer, Alamo, relied on Defendant's skill, judgment and implied warranty of merchantability, as well as the other warranties made by Defendant.

126. Defendant breached the above-mentioned express and/or implied warranties of merchantability and fitness for a particular purpose because the belt dressing was not reasonably fit for its intended use and was not of merchantable quality.

127. Defendant's breach of the express and/or implied warranties of merchantability and fitness for a particular purpose was the direct and proximate cause of the injuries and damages suffered by Robert Kerstetter, Jr.

128. As a direct and proximate result of the foregoing actions/inactions of Defendant, AERVOE; Plaintiff, Robert Kerstetter, Jr., was severely and permanently injured, suffered the loss of his right arm, as well as other physical and emotional injuries, and has suffered loss of earnings and earning capacity, and has undergone and continues to undergo medical treatment, surgery, rehabilitation and care, all to his great detriment and loss, and for which he now seeks compensation from Defendant AERVOE in an amount in excess of $1,000,000.00.

## XIX.   BREACH OF WARRANTY
## PLAINTIFFS v. ROCKWELL

129. Plaintiffs incorporate by reference the foregoing paragraphs as though same were fully set forth at length herein.

130. Defendant expressly and/or impliedly warranted that the head pulley and/or drive mechanism were of merchantable quality, fit, safe and in proper condition for the ordinary use for which they were designed.

131. Plaintiff, Robert Kerstetter, Jr., as well as his employer, Alamo, relied on Defendants' skill, judgment and implied warranty of merchantability, as well as the other warranties made by Defendant.

132. Defendant breached the above-mentioned express and/or implied warranties of merchantability and fitness for a particular purpose because the head pulley and/or drive mechanism were not reasonably fit for their intended use and were not of merchantable quality.

133. Defendant's breach of the express and/or implied warranties of merchantability and fitness for a particular purpose was the direct and proximate cause of the injuries and damages suffered by Robert Kerstetter, Jr.

134. As a direct and proximate result of the foregoing actions/inactions of Defendant, ROCKWELL; Plaintiff, Robert Kerstetter, Jr., was severely and permanently injured, suffered the loss of his right arm, as well as other physical and emotional injuries, and has suffered loss of earnings and earning capacity, and has undergone and continues to undergo medical treatment, surgery, rehabilitation and care, all to his great detriment and loss, and for which he now seeks compensation from Defendant ROCKWELL in an amount in excess of $1,000,000.00.

## XX.   BREACH OF WARRANTY
## PLAINTIFFS v. RELIANCE

135. Plaintiffs incorporate by reference the foregoing paragraphs as though same were fully set forth at length herein.

136. Defendant expressly and/or impliedly warranted that the head pulley and/or drive mechanism were of merchantable quality, fit, safe and in proper condition for the ordinary use for which they were designed.

137. Plaintiff, Robert Kerstetter, Jr., as well as his employer, Alamo, relied on Defendants' skill, judgment and implied warranty of merchantability, as well as the other warranties made by Defendant.

138. Defendant breached the above-mentioned express and/or implied warranties of merchantability and fitness for a particular purpose because the head pulley and/or drive mechanism were not reasonably fit for its intended use and were not of merchantable quality.

139. Defendant's breach of the express and/or implied warranties of merchantability and fitness for a particular purpose was the direct and proximate cause of the injuries and damages suffered by Robert Kerstetter, Jr.

140. As a direct and proximate result of the foregoing actions/inactions of Defendant, RELIANCE; Plaintiff, Robert Kerstetter, Jr., was severely and permanently injured, suffered the loss of his right arm, as well as other physical and emotional injuries, and has suffered loss of earnings and earning capacity, and has undergone and continues to undergo medical treatment, surgery, rehabilitation and care, all to his great detriment and loss, and for which he now seeks compensation from Defendant RELIANCE in an amount in excess of $1,000,000.00.

## XXI.   BREACH OF WARRANTY
## PLAINTIFFS v. DODGE

141. Plaintiffs incorporate by reference the foregoing paragraphs as though same were fully set forth at length herein.

142. Defendant expressly and/or impliedly warranted that the head pulley and/or drive mechanism were of merchantable quality, fit, safe and in proper condition for the ordinary use for which they were designed.

143. Plaintiff, Robert Kerstetter, Jr., as well as his employer, Alamo, relied on Defendants' skill, judgment and implied warranty of merchantability, as well as the other warranties made by Defendant.

144. Defendant breached the above-mentioned express and/or implied warranties of merchantability and fitness for a particular purpose because the head pulley and/or drive mechanism were not reasonably fit for their intended use and were not of merchantable quality.

145. Defendant's breach of the express and/or implied warranties of merchantability and fitness for a particular purpose was the direct and proximate cause of the injuries and damages suffered by Robert Kerstetter, Jr.

146. As a direct and proximate result of the foregoing actions/inactions of Defendant, DODGE; Plaintiff, Robert Kerstetter, Jr., was severely and permanently injured, suffered the loss of his right arm, as well as other physical and emotional injuries, and has suffered loss of earnings and earning capacity, and has undergone and continues to undergo medical treatment, surgery, rehabilitation and care, all to his great detriment and loss, and for which he now seeks compensation from Defendant DODGE in an amount in excess of $1,000,000.00.

## XXII. BREACH OF WARRANTY
### PLAINTIFFS v. BALDOR

147. Plaintiffs incorporate by reference the foregoing paragraphs as though same were fully set forth at length herein.

148. Defendant expressly and/or impliedly warranted that the head pulley and/or drive mechanism were of merchantable quality, fit, safe and in proper condition for the ordinary use for which they were designed.

149. Plaintiff, Robert Kerstetter, Jr., as well as his employer, Alamo, relied on Defendants' skill, judgment and implied warranty of merchantability, as well as the other warranties made by Defendant.

150. Defendant breached the above-mentioned express and/or implied warranties of merchantability and fitness for a particular purpose because the head pulley and/or drive mechanism were not reasonably fit for its intended use and were not of merchantable quality.

151. Defendant's breach of the express and/or implied warranties of merchantability and fitness for a particular purpose was the direct and proximate cause of the injuries and damages suffered by Robert Kerstetter, Jr.

152. As a direct and proximate result of the foregoing actions/inactions of Defendant, BALDOR; Plaintiff, Robert Kerstetter, Jr., was severely and permanently injured, suffered the loss of his right arm, as well as other physical and emotional injuries, and has suffered loss of earnings and earning capacity, and has undergone and continues to undergo medical treatment, surgery, rehabilitation and care, all to his great detriment and loss, and for which he now seeks compensation from Defendant BALDOR in an amount in excess of $1,000,000.00.

## XXIII. LOSS OF CONSORTIUM
## PLAINTIFFS v. DEFENDANTS

153. Plaintiffs incorporate by reference the foregoing paragraphs as though same were fully set forth at length herein.

154.   At all times material hereto Plaintiff, Robert Kerstetter, Jr., was the spouse of Plaintiff, Deborah Kay Kerstetter.

155.   At all times material hereto Plaintiffs resided together at 8006 Briarton Drive, Austin, Texas.

156.   As a result of the aforementioned accident and Robert Kerstetter's severe, permanent and disabling injuries, Deborah Kay Kerstetter has suffered the loss of her husband's affection, solace, comfort, companionship, society, sexual relations, and assistance, for which she now seeks compensation from all Defendants in an amount in excess of $250,000.00.

## XXIV. **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray that the Court grant the following relief to Plaintiffs:

a.      Grant to Plaintiffs their compensatory damages plus all allowable pre judgment and post judgment interest;

b.      Grant to Plaintiffs an award of their costs of litigation, including reasonable attorneys' fees and expenses to the extent allowed by Texas law; and

c.      Grant such other and further relief as this Court deems just and proper.


Respectfully submitted,

Dated: _____

LAW OFFICES OF ROBERT A. STUTMAN, P.C.
By: /s/Robert M. Caplan
Robert M. Caplan
Jesse M. Cohen
501 Office Center Drive, Suite 300
Fort Washington, PA 19034
(215) 283-1177 (Telephone)
(215) 283-1188 (Facsimile)
cohenj@stutmanlaw.com
caplanr@stutmanlaw.com

and

WHITEHURST, HARKNESS, BREES & CHENG, P.C.
By: /s/ Eugene W. Brees
Eugene W. Brees
5113 Southwest Parkway, Suite 150
Austin, TX 75735
(800) 655-6018 (Telephone)
(512) 476-4400 (Facsimile)
cbrees@austintriallaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, JESSE M. COHEN, HEREBY CERTIFY that on this ____ day of December, 2010, a true and correct copy of Plaintiffs' First Amended Complaint was served on the following by first class mail:

Cory Curtis, Esquire
Baker & Hostetler LLP
303 East 17th Avenue
Suite 1100
Denver, Colorado 80203-1264

/s/ Jesse M. Cohen
JESSE M. COHEN